## No. 1096.

### MRS. ARTEMISE COATS VS. J. M. ROBERTS.

When a minor is lawfully summoned by a sheriff to serve as a member of a *posse comitatus* to aid in the arrest of an escaped convict and, while so engaged, negligently and with legal fault shoots another member of the same *posse* by mistake for the convict, the parent of the minor with whom he resides cannot be held responsible for the damages occasioned thereby.

The law obliged the minor, being of proper years, to serve on the *posse*, and suspended the paternal authority, and subjected him to the exclusive authority of its officer, and paternal responsibility being the offspring of the paternal authority, the legal interruption of the latter operated a like interruption of the former.

APPEAL from the Fifth District Court, Parish of Ouachita. *Richardson*, J.

*Boatner & Boatner* for Plaintiff and Appellant.

*Robt. Ray* for Defendant and Appellee.

The opinion of the Court was delivered by

FENNER, J. The petition discloses the facts that the son of plaintiff and the son of defendant were summoned by the sheriff to serve as members of a *posse comitatus* to assist in arresting an escaped convict, and while acting in that capacity defendant's son, a minor, shot and mortally wounded the son of plaintiff, mistaking, or claiming to have mistaken, him for the convict. It is averred that the sheriff had warned the members of the *posse* not to shoot at the convict unless he refused to surrender when ordered, and that care and caution were necessary for the safety of the other members of the *posse;* and it is charged, that even if the shooting was done under mistake, it was nevertheless reckless and wanton, because done without any hail or order to surrender.

Plaintiff's son having died from the wound, she brings this action to recover the damages which had been suffered by him prior to his death.

Defendant filed an exception of no cause of action, which was sustained.

It being alleged in the petition that the son of the defendant was a member of the *posse comitatus,* and no contrary averment being made, we are justified in assuming that he was lawfully a member thereof. The mere fact of his minority does not of itself exclude this idea. Section 3544, Rev. Statutes, gives the sheriff power to command the services of "every able bodied inhabitant" to serve on the *posse* in proper cases, and requires obedience to such command, and inflicts penalties for refusal to obey. The term and the proceeding being taken

Coats vs. Roberts.

from the common law, we may look to that system for a general notion of the nature and extent of the power. We there find that no persons are exempted from the duty of this service, on the ground of age merely, except minors under the age of fifteen years. Vining's Abridgt., Sheriff B.

Therefore, the petition sufficiently discloses that, at the time of the act complained of, defendant's son was under the lawful and exclusive authority and control of the sheriff, placed there, not by the act or will of his parent, but by the power of the law, to which the parent had no means or right of resistance.

The Article 2318 of our Civil Code confines the responsibility of the parents, for the damage occasioned by their minors or unemancipated children, to the cases where the latter are "residing with them or placed *by them* under the care of other persons." These terms, seem, of themselves, pregnant with the idea that in a case where the minor is placed under the care and control of other persons, not only without the consent of the parent, but by an authority which he has neither the power nor right to resist, the responsibility of the latter should cease.

Paternal responsibility is the consequence and offspring of the paternal authority. Whenever the law terminates or interrupts the latter, the former is, at the same time, terminated or interrupted.

In France, the minor above the age of eighteen years is permitted voluntarily to enroll in the army against the will of his parents. 2 Toullier, No. 1048.

With us he is, after the same age, subject to militia duty. Acts of 1878, p. 268.

Would it be claimed that the parental responsibility would continue while the minor was thus engaged in military service, and subject to an authority entirely exclusive of his own?

The fact that, in the case at bar, the suspension of the paternal authority did not last long enough to disturb the residence of the minor with his father, cannot affect the case. Such residence is only important in the eye of the law, as affording the opportunity of exercising the paternal authority, and while such authority is lawfully suspended, it is of no more consequence than would be the like residence of an emancipated or major child. In this case, it is apparent that the law took the minor from the control and authority of the parent, and placed him under the exclusive control of its officer and in a situation which exposed him to the risk of committing the fault which happened. Why should the father be held responsible? We are not called upon to solve the problem propounded by plaintiff's counsel as to who is

responsible for the damage occasioned by this unlawful act. Our duty is discharged when we decide the issue presented in the case. Nor do the objectionable consequences anticipated by him flow logically from our decision, which merely holds that when the law, *ex proprio vigore*, destroys or suspends the paternal authority over the minor, it, at the same time, destroys or suspends the paternal responsibility.

Judgment affirmed.