163 So.2d 923 (1964)
Mrs. Bessie MARTIN
v.
Paul Everett SANDERS et al.
No. 6087.
Court of Appeal of Louisiana, First Circuit.
March 2, 1964.
Rehearing Denied May 20, 1964.
*924 Mentz & Ford, by Henry A. Mentz, Jr., Hammond, for appellant.
Grover L. Covington, Kentwood, Sessions, Fishman, Rosenson & Snellings, by William P. Rutledge, New Orleans, for appellee.
Before ELLIS, LOTTINGER, HERGET, LANDRY and REID, JJ.
HERGET, Judge.
Plaintiff, Mrs. Bessie Martin, while riding as a guest passenger with her daughter, Mrs. Rumsie Martin Davidge, sustained a back injury when Mrs. Davidge's vehicle was struck in the rear by a vehicle being driven by Paul Everett Sanders. Mrs. Martin filed suit against Sanders, a minor at the time of the collision, and his father, Jessie Mack Sanders. These Defendants instituted a third party action against Plaintiff's daughter, Mrs. Davidge. Mrs. Davidge, through counsel, then filed a third party action against her insurer, Western Millers Mutual Insurance Company. Following a hearing, the learned Trial Judge rendered judgment in favor of Plaintiff against Western Millers Mutual Insurance Company, Mrs. Davidge's insurer, in the sum of $3,000, plus legal interest from date of judicial demand and all costs and dismissed the suit as to Jessie Mack Sanders and Paul Everett Sanders.
From this judgment, both Plaintiff and Western Millers Mutual Insurance Company prosecute these appeals.
The vehicle driven by Mrs. Davidge was traveling in a northerly direction on U.S. Highway 51 in the Parish of Tangipahoa at approximately 45 miles per hour when the driver thereof observed an altercation involving a Negro woman and two Negro men ahead of her on the right shoulder of the road. From the evidence, at the time of her observation the woman member of the trio evidently was attempting to arise to her knees and escape from her tormentors. Mrs. Davidge was apprehensive the escapee would dash into the road in her path; whereupon, to eliminate the necessity of a sudden stop, she lightly applied the brakes of her vehicle. Paul Sanders, who was following her a few car lengths behind, unaware of the circumstance which caused the application of the brakes by Mrs. Davidge, failed to stop his vehicle and struck the rear of the Davidge car.
Young Sanders maintains he was driving at perhaps a speed of 45 miles per hour while Mrs. Davidge was progressing at a slower speed. The evidence reflects the speed limit in this particular portion of the *925 highway was 60 miles per hour. Sanders said he intended to pass the Davidge vehicle after reaching the crest of an incline they were approaching. According to Sanders, to accomplish the maneuver contemplated, it required that he remain in close proximity to the rear of Plaintiff's vehicle and pass same when the opportunity therefor was afforded. Sanders related there was a vehicle approaching them proceeding southerly in the traffic lane to the left of him, and, though he did not know the width of the shoulder of the road to the right of him, there was a car parked on the shoulder alongside the road and it had plenty of room. Accordingly, he maintains he was guilty of no negligence in the causation of the accident.
Plaintiff's position is that Sanders, with no apparent reason or without exercising proper care, struck the rear of the vehicle in which she was a passenger and caused her injuries.
The Trial Judge assigned no written reasons for his judgment.
Western Millers Mutual Insurance Company appeals suspensively from the decision of the Trial Court. It maintains said Court's judgment in overruling an exception of no cause of action filed by it was erroneous; and further, it objected, being a third party Defendant, not having been sued by Plaintiff in whose favor judgment was rendered, it should not be cast in judgment.
Plaintiff, Mrs. Martin, maintained on appeal it was error to dismiss her action against young Sanders and his father and likewise maintained she was entitled to an increase of the award to $4,500.
Where all pleadings are filed before 1961, a third party complaint to extract contribution from an alleged joint tort-feasor will not lie. Lanier v. T. L. James & Co., La.App., 148 So.2d 100.
Where original defendant is not cast, third party defendant cannot be cast. LSA-C.C. Art. 2103; LSA-C.C.P. Arts. 1111-1116.
A money judgment in favor of a party neither suing nor praying for it is erroneous, if not a nullity. 49 C.J.S. Judgments § 40.
Under the liberal rules of procedure which have been provided in reference to third party actions seeking contribution and indemnity, it is even now essential original defendant be cast to hold a third party defendant. Though permissive, and in many respects broader procedures under the new Code have been enacted, there is no basis for rejecting the long established requirement judgment can only be awarded in accordance with the prayer of the petition. In this instance Mrs. Martin sued Mr. Sanders and Mr. Sanders brought in Mrs. Davidge by third party action. In such circumstances, no judgment could be rendered in favor of Mrs. Martin against Mrs. Davidge or her insurer. Western Millers Mutual Insurance Company should have had judgment sustaining its exception of no cause of action and dismissing it from the suit.
From our review of the record, we observe the testimony, or lack of it, leaves open many questions. The testimony of the officer who investigated the accident, by his giving evidence in regard to the skid marks, would have made certain whether Mrs. Davidge came to a sudden stop. He could have clarified contradictions in the testimony, as, for example, Sanders and his passenger testified Mrs. Davidge slammed on her brakes and came to a stop in contradiction to Mrs. Davidge's testimony she applied her brakes gradually and, in addition, she was watching to see if the victim of the assault she observed was going to suddenly dash into the road in front of her as she anticipated. Plaintiff failed to call the officer who should have had knowledge of these facts. From the record we are unable to discern any negligence attributable to Mrs. Davidge's actions. We are constrained *926 to believe and accept Mrs. Davidge's version, the altercation caused her gradual slowing and we note neither Sanders nor his passengers deny the presence of the parked vehicle and the altercation. We are of the opinion Mrs. Davidge applied the brakes to her vehicle because of her concern and desire not to injure a person whom she had good reason to believe might suddenly dash across the road.
Counsel for Sanders relies on the case of Rhea v. Daigle, La.App., 72 So.2d 643, wherein the Court held the driver of the following car was not negligent per se in colliding with a lead car of which the driver suddenly stopped as a result of a head-on collision with an approaching vehicle upon its driver negligently crossing into the lead car's lane of traffic. The Rhea decision is inapplicable to the factual situation presented herein. Judge Lottinger, of this Court, in his dissenting opinion in Peranio v. Superior Insurance Company, La.App., 76 So.2d 315, at page 327, made this distinction clear when he observed in the Rhea case the lead car came to a sudden, dead stop. In the case before us for resolution the Davidge car did not, in our opinion, even stop, for, had she done so there would have been no reason for her car to move some 200 feet following the collision which admittedly was not severe.
In Kottwitz v. Highway Insurance Underwriters, La.App., 92 So.2d 79, where the Court held the driver of the following truck negligent in colliding with the lead truck for his failure to observe a child dart across the highway when the lead truck had stopped suddenly because the driver believed the child who had lost its shoe would re-enter the highway to retrieve its shoe, in our opinion presents factual circumstances which appear to us to be similar to the situation of the altercation or fight Mrs. Davidge witnessed.
Factually, this case gives meaning to the observation by an unknown author "Look how close to me that fool in front is driving".
We, accordingly, are of the opinion the proximate cause of this accident was Sanders' failure to observe the road ahead and maintain such distance behind the Davidge car whereby he could have braked his car upon his observation of Mrs. Davidge being confronted with an emergency requiring her to reduce the speed of her car.
The father is responsible for the negligent acts of his minor son while such son is residing with him, under the theory the elder, in his capacity as father, is presumed to have control over his minor son and the negligent acts of the minor are imputed to the father.
In the present case, as an infant the Court placed young Sanders in the provisional custody of his grandparents. Neither the mother nor the father requested nor received permanent custody. Provisional custody is permanent until substituted by permanent custody. The son neither lived with his father, nor was he in his care. Such being the case, in our opinion under LSA-C.C. Arts. 237 and 2318 the father was not liable for his son's acts.
Insofar as the minor is concerned, under the decisions of Cleaveland v. Mayo, 19 La. 414; Taylor v. Doskey, 8997 Orleans App., 1 La.App. 399; Kern v. Knight, 13 La.App. 194, 127 So. 133; Johnson v. Butterworth, 180 La. 586, 157 So. 121; Smith v. Freeman, La.App., 31 So.2d 524, the minor is liable for his negligent acts.
Plaintiff, though she prayed for same, suing in her own name cannot recover the medical expenses as same are community obligations.
In reference to quantum, we note Dr. Alvin Stander, a noted orthopedist practicing in Baton Rouge, rendered a report in respect to the injuries of Plaintiff wherein he was of the opinion she probably *927 had some possible injury to the musculature of her neck but he found no objective symptoms on which he could predicate any conclusion her back had been in any way affected. Mrs. Martin, who was 67 years old at the time of the accident, was relieved of physical pain following the accident, upon taking medication. From our review of the record, we are in accord with the Trial Judge's finding, the award of $3,000 is proper.
For these reasons, the judgment of the Trial Court is reversed insofar as same rejected Plaintiff's demands and dismissed her suit against Paul Everett Sanders, and, accordingly, judgment is rendered in favor of Plaintiff against Paul Everett Sanders for $3,000 with legal interest from date of judicial demand until paid and all costs; and the judgment in favor of Plaintiff against Western Millers Mutual Insurance Company is reversed, at Plaintiff's costs. Otherwise the judgment is affirmed.
Reversed in part, affirmed in part and rendered.
Rehearing denied; ELLIS and REID, JJ., dissenting.
ELLIS, Judge (dissenting).
I find no negligence from the facts proven committed by Defendant Sanders. He was following the lead car and intended to pass as soon as an approaching car cleared the opposite or passing lane. He was not aware of any emergency and is not charged with anticipating an emergency.