166 So.2d 362 (1964)
Robert S. REDD et al., Plaintiffs-Appellants,
v.
Mrs. Evelyn BOHANNON et al., Defendants-Appellees.
No. 1213.
Court of Appeal of Louisiana, Third Circuit.
July 10, 1964.
*363 Plauche & Stockwell, by Robert Clements, Lake Charles, for plaintiff-appellant.
Evelyn Bohannon in pro. per.
Before TATE, HOOD, and CULPEPPER, JJ.
TATE, Judge.
The plaintiff Redd and his collision insurer sue in tort to recover for damages sustained by the Redd automobile. Made defendant is (a) the minor driver of the other automobile involved and (b) his mother, who had legal custody of the minor pursuant to a divorce judgment.
The trial court sustained the defendants' exceptions based (a) upon the procedural incapacity of the unemancipated minor and (b) upon the court's lack of personal jurisdiction over the mother. The trial court thereupon dismissed the plaintiffs' suit, and they appeal.
The plaintiffs' vehicle damage was caused by a motor car collision in Calcasieu Parish, Louisiana. The other automobile was driven by the defendant Raymond J. Bohannon, a Florida soldier temporarily stationed in Calcasieu Parish. Bohannon was an unemancipated minor; his mother, Mrs. Evelyn Bohannon, who was joined as codefendant, had been granted legal custody over him.
1. The defendant mother's liability for a tort committed by her son, an unemancipated minor in the military service.
The defendant mother is a resident of Florida. Louisiana jurisdiction is sought over her under our non-resident motorist *364 statute. This enactment provides that the operation of a motor vehicle in Louisiana by a non-resident "or person for whom he is legally responsible" shall be deemed to have conferred consent to Louisiana suit against the non-resident in actions resulting from such motor vehicle's operation in this state. LSA-R.S. 13:3474.
The trial court held that the mother was not "legally responsible" for the torts of her minor son because he was in the military service. Consequently, the Louisiana non-resident motorist statute did not under its terms confer personal jurisdiction over her through substituted service on the Louisiana Secretary of State. The mother's exception to the personal jurisdiction of the court was therefore sustained.
The general rule in Louisiana is that the parent or tutor with legal custody is personally liable for the torts of an unemancipated minor. LSA-Civil Code Article 2318; see also Articles 237, 246, 250. The parent with legal custody of the minor may still be responsible for the minor's torts, even though the parent and the child reside in different areas. Watkins v. Cupit, La.App. 1 Cir., 130 So.2d 720. However, the liability of the parent or tutor is not unqualified, and it does not apply when the parental or tutorial authority over the minor has been destroyed or suspended by operation of law. Coats v. Roberts, 35 La.Ann. 891 (1883); Jackson v. Ratliff, La. App. Orl., 84 So.2d 103; Simmons v. Sorenson, La.App. 1 Cir., 71 So.2d 377. See also Toca v. Rojas, 152 La. 317, 93 So. 108 (1922).
As the cited cases show, the basis of the parental liability rests upon the parent's legal right to control and supervise the actions of a minor of whom he has legal custody. See also Planiol, Civil Law Treatise (LSLI Translation, 1959) Volume 2, Section 909, discussing source article of LSA-Civil Code, Article 2318: "In truth, responding for the act of a minor is not responsibility for the act of another, but for one's own act; a person is himself at fault, for not having supervised with sufficient strictness the minor confided to his care."
Consequently, when the parent is deprived of the legal right to control his child, then the parent's responsibility ceases for the torts of the minor. See Coats, Jackson, and Simmons cases, cited above. As stated in the above-cited Coats case, "Paternal responsibility is the consequence and offspring of the paternal authority. Whenever the law terminates or interrupts the latter, the former is, at the same time, terminated or interrupted." 34 La.Ann. 892.
In Louisiana, in application of this principle, the parent of a minor in the military service has been held not to be liable for the torts of the child, since the minor is not under parental control and the parent does not have the opportunity to exercise parental authority over him. Simmons v. Sorenson, La.App. 1 Cir., 71 So.2d 337. See also Planiol, above-cited, at Volume 2, Section 910. Likewise, for instance, a parent is not liable for the torts of his minor son committed when the latter is temporarily under the legal control of law enforcement authorities while lawfully summoned and required to serve as a member of a posse comitatus. Coats v. Roberts, 35 La.Ann. 891.
The plaintiffs-appellants attempt to distinguish the Simmons and Coats cases, as well as various dicta statements in the other decisions above cited, by suggesting that parental responsibility for a minor's torts ceases only when the parent has been involuntarily deprived of parental control. It is argued thus that the defendant mother might still be legally responsible for her son's torts if his induction into the military service resulted from her voluntary consent to a voluntary enlistment.
However, as previously stated, we think that parental liability is based upon a right of the parent to control the child absent such legal right of control, the parent is not legally responsible for the *365 minor's torts. It is thus immaterial in this regard whether the transfer of legal custody and control from the mother to the military service took place voluntarily or not.
We therefore affirm the trial court's dismissal of the suit as against the defendant mother.
2. The defendant minor's defense of lack of procedural capacity on the ground of minority.
Although the parent of tutor of an unemancipated minor is also liable for the minor's torts, the minor likewise remains personally liable for the damages sustained therebyminority is not a defense against the minor's own liability for damages caused by his negligence. LSA-Civil Code Arts. 1785 (par. 5), 1874, and 2227; Martin v. Sanders, La.App. 1 Cir., 163 So.2d 923; Smith v. Freeman, La.App. 2 Cir., 31 So.2d 524; Seither v. Poter, La.App., Orl., 194 So. 467; Kern v. Knight, 1 Cir., 13 La.App. 194, 127 So. 133. As the cited cases show, obligations arising from a tort committed by a minor are enforceable against the minor the same as though he had attained majority.
However, an unemancipated minor does not have the procedural capacity to sue or be sued; the minor must ordinarily be made a party to the suit through his parent or tutor. LSA-C.C.P. Arts. 683, 732. Although a duly appointed tutor is the proper defendant in an action to enforce an obligation against an unemancipated minor such as the present whose legal parents are divorced, nevertheless, "* * * If such a minor has no tutor, the action may be brought against the minor, but the court shall appoint an attorney at law to represent him." LSA-C.C.P. Art. 732.
In the present instance, the unemancipated minor, Raymond J. Bohannon, was cited and served personally in Calcasieu Parish. Through counsel, he filed an exception based on his lack of procedural capacity to be sued because of his minority. The trial court sustained this exception under authority of LSA-C.C.P. Art. 732.[1] The trial court thereupon dismissed the suit as against the minor.
The record shows the defendant, an unemancipated minor, to be the child of parents who are divorced. The record does not show that a tutor has been appointed for the minor by any court, nor is there any allegation to such effect. As previously noted, in such circumstances the action may be brought against the minor, but "the court" must ("shall") appoint an attorney to represent him. LSA-C.C.P. *366 Art. 732. (Italics supplied.) For purposes of determining the exception of lack of procedural capacity to be sued, the minor's retaining an attorney to represent him thus does not cure any lack of procedural capacity to be sued resulting from the absence of a Code-required court-appointed attorney to represent the minor without tutor.
The trial court correctly held that the unemancipated minor lacked procedural capacity to be sued, since at any rate no attorney had been appointed to defend him. However, the present minor's lack of procedural capacity to be sued can be cured by the court's appointment of an attorney to represent him. LSA-C.C.P. Art. 732, quoted above; see also LSA-C.C.P. Art. 5091.
The lack of procedural capacity is a dilatory exception, LSA-C.C.P. Art. 926; that is, one which merely retards the progress of the action rather than tends to defeat it, LSA-C.C.P. Art. 923. When the grounds of this dilatory exception (and most others) "may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order." LSA-C.C.P. Art. 933.
In our opinion, therefore, our learned trial brother erred in dismissing the suit against the defendant minor without first affording the plaintiffs an opportunity to cure the defect by amendment of their petition to obtain the appointment of an attorney to represent the minor without tutor.
Decree.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the suit against the plaintiff mother Mrs. Evelyn Bohannon, based upon the court's lack of personal jurisdiction over her. We likewise affirm the trial court's sustaining of the defendant minor's exception to the lack of procedural capacity to be sued; however, we amend the judgment sustaining same insofar as it dismissed the suit against such defendant minor without affording the plaintiff an opportunity to cure the lack of procedural capacity, and we remand these proceedings for the trial court to enter an order allowing the plaintiff a delay within which to amend his petition to obtain the appointment of an attorney at law to represent such minor, with the dismissal of the suit against the minor to be conditioned only upon a noncompliance with such order. The costs of this appeal are assessed against the plaintiffs-appellants; all other costs to await the final disposition of these proceedings.
Amended and affirmed.
NOTES
[1] This article provides:

"An unemancipated minor has no procedural capacity to be sued.
"Except as otherwise provided in Article 4431, the tutor appointed by a court of this state is the proper defendant in an action to enforce an obligation against an unemancipated minor, when (1) one or both of the parents are dead, (2) the parents are divorced or judicially separated, or (3) the minor is an illegitimate child. If such a minor has no tutor, the action may be brought against the minor, but the court shall appoint an attorney at law to represent him.
"The father, as administrator of the estate of his minor child, is the proper defendant in an action to enforce an obligation against an unemancipated minor who is the legitimate issue of living parents who are not divorced or judicially separated. The mother, as the administratrix of the estate of her minor child, is the proper defendant in such an action, when the father is a mental incompetent or an absentee."
(LSA-C.C.P. Art. 4431, mentioned therein, provides that a tutor or guardian of a non-resident minor, appointed by a foreign court, "may" appear on behalf of the minor in the Louisiana courts without qualifying as tutor under Louisiana law. This Code article is not here applicable because, even if the Florida minor's mother was appointed his tutor by a Florida courtand the record is silent as to this, she did not choose to appear as such in the Louisiana proceedings, so that for present purposes it would seem that the minor "has no tutor", i.e., none subject to the jurisdiction of the Louisiana courts.)