BYRNES, Judge.
In 1977 the lower court rendered a judgment ordering the defendant/appellant to pay child support in the amount of twenty-five dollars per week.
On July 2, 1990 the plaintiff-appellee Mrs. Jackie M.P. Alonzo, Mr. Alonzo’s former wife filed a rule for past due child support, contempt of court, increase in child support and attorney fees. Mr. Alonzo filed a dilatory exception of lack of procedural capacity. The trial court denied Mr. Alonzo’s exception and it denied Mrs. Jackie M.P. Alonzo’s rule for contempt and increase in child support and attorney’s fees. It awarded past due child support to Mrs. Alonzo in the sum of $5,575.00. We affirm in part, reverse in part and remand.
This case presents three issues:
1. Is the defendant, Mr. Alonzo, a mental incompetent?
2. Does the appearance of an attorney on behalf of the defendant for the limited purpose of urging a dilatory exception of lack of procedural capacity satisfy the requirement of LSA-C.C.P. art. 733 that the court appoint an attorney to represent a mental incompetent?
3. Does a mental incompetent who has no curator, and has not been committed to or confined in a mental institution have the capacity to be sued?
We shall address these issues seriatim.
I. Mr. Alonzo Is Mentally Incompetent.
Mrs. Lana Alonzo, the defendant’s current wife testified that on March 17, 1987, Mr. Alonzo was in a boating accident which caused him to suffer a condition known as anoxic encephalopathy resulting in brain damage. Ever since then he has been in a semi-vegetative state, must wear diapers, and cannot feed, clothe, bathe or take care of himself in any way, or speak intelligibly. He is unaware of his surroundings.
The plaintiff acknowledged that she was aware of her former husband’s accident and that he was unemployable. The plaintiff did *56 not contest any of Mrs. Lana Alonzo’s testimony concerning Mr. Alonzo’s condition.
The trial judge had Mr. Alonzo brought to the stand, where the trial judge was able to observe his condition and question him. Mr. Alonzo responded to none of the trial judge’s questions.
The trial judge dismissed the rule for contempt against Mr. Alonzo, holding that he “has a lack of mental capacity to be in contempt.”
Inconsistent with this finding of “lack of mental capacity” the trial judge found that Mr. Alonzo had the requisite mental competency to be sued for past due child support, and accordingly rendered judgment against him in the sum of $5,575.00. The trial judge reasoned as follows:
“However, while I can see and feel that your husband is non compos mentis, there is no judicial pronouncement thereof and I don’t know if I can take judicial cognizance of the fact without testimony of others including the testimony of a physician. Interdiction can be pronounced without the testimony of lay people.”
This court finds that the record is sufficiently complete for this court to find that the defendant is mentally incompetent. LSA-C.C. art. 393. The trial judge said that he could “see and feel” that the defendant was “non compos mentis.” Mrs. Lana Alonzo’s testimony makes it clear that the defendant is no better able to function than a pre-verbal infant. Even more compelling is the fact that the plaintiff herself acknowledged that she was aware of the defendant’s accident and knew he was not only unemployed, but unemployable. The plaintiff made no attempt to contest the question of the defendant’s mental condition. Although the trial judge expressed uncertainty about his ability to “take judicial cognizance of the [defendant’s mental incompetence] without testimony of others including the testimony of a physician”, when it came to the issue of the plaintiffs claim for arrears, he did not hesitate to find that the defendant could not be held in contempt because he “has a lack of mental capacity to be in contempt.”
We sympathize with the trial judge’s good faith attempt to balance the public policy favoring child support against the public policy that would protect a previously responsible father rendered mentally incompetent as a result of a tragic accident; but we cannot agree that plaintiff should be allowed to proceed against Mr. Alonzo as though he were mentally competent. We find that Mr. Alonzo is mentally incompetent.
II. The appearance of an attorney for the limited purpose of urging a dilatory exception of lack of procedural capacity does not satisfy the requirement that the Court appoint an attorney to represent a mental incompetent.
Mr. Alonzo made a limited appearance in forma pauperis represented by Mr. James Welch of the New Orleans Legal Assistance Corporation solely for the purpose of urging the dilatory exception of lack of procedural capacity based on mental incompetence.
The trial judge in addressing the defendant’s current wife on the question of whether this action for support could proceed against her husband informed her that:
“... [H]e is represented_ I could not even appoint a lawyer to represent him. I don’t have to because he has one and I would appoint the same lawyer anyway. Theoretically, under the law his obligation for support continues....”
We disagree with the implied finding by our well intentioned brother below that Mr. Welch’s limited appearance for purposes of the dilatory exception was sufficient to enable the trial court to rule on the merits. Instead we adopt the reasoning of the court in Redd v. Bohannon, 166 So.2d 362 (La.App. 3 Cir.1964) where the court dealt with an exception of lack of procedural capacity to be sued based upon the defendant’s minority pursuant to LSA-C.C.P. art. 732(A) & (B). The provisions of LSA-C.C.P. art. 732(A) & (B) are very closely analogous to the provisions of LSA-C.C.P. art. 733. Among other things, these articles require that the court appoint an attorney to represent the un-emancipated minor who has no tutor or the mental incompetent who has no curator. On this issue we are persuaded the same reason *57 ing applies to both. Cf. LSA-C.C.P. 4554. In Redd v. Bohannon, swpra, at p. 365, the court held that:
“The record shows the defendant, an un-emancipated minor, to be the child of parents who are divorced. The record does not show that a tutor has been appointed for the minor by any court, nor is there any allegation to such effect. As previously noted, in such circumstances the action may be brought against the minor, but “the court” must (“shall”) appoint an attorney to represent him. LSA-C.C.P. art, 732_ For purposes of determining the exception of lack of procedural capacity to be sued, the minor’s retaining an attorney to represent him thus does not cure any lack of procedural capacity to be sued resulting from the absence of a Code-required court-appointed attorney to represent the minor without tutor ”. (Emphasis added).
Likewise the fact that an attorney from the New Orleans Legal Assistance Corporation brought this exception on behalf of the defendant does not “cure any lack of procedural capacity to be sued resulting from the absence of a Code-required court-appointed attorney to represent the [mental incompetent].” Redd v. Bohannon, supra, at p. 366. To rule otherwise would mean that to urge the exception with the assistance of counsel is to waive it, a result that is clearly contrary to the intendment of the Code of Civil Procedure. The only alternative would be for Mr. Alonzo to file in proper person. The redactors of the code could not possibly have contemplated that one so devoid of mental faculties as is Mr. Alonzo be required to urge such an exception in proper person.
We hold that Mr. Welch’s appearance as Mr. Alonzo’s attorney for the limited purpose of urging a dilatory exception does not satisfy the requirement of LSA-C.C.P. art. 733 that the court appoint an attorney to represent a mental incompetent.
III. A mental incompetent who has no curator, is not interdicted, and who is not committed to or confined in a mental institution does not have the procedural capacity to be sued.
LSA-C.C.P. art. 733 provides that:
A mental incompetent has no procedural capacity to be sued.
Except as otherwise provided in Articles 732, 4431, and 4554, the curator appointed by a court of this state is the proper defendant in an action to enforce an obligation against a mental incompetent or an interdict. If an incompetent has no curator, but is interdicted, or committed to or confined in a mental institution, the action shall be brought against him, but the court shall appoint an attorney at law to represent him.
The trial judge was apparently referring to the second paragraph of LSA-C.C.P. art. 733 when he address the defendant’s second wife as follows:
“Now, Mrs. Alonzo, I’m sure that your attorney has reported to you that in chambers I had informed him that since if your husband is not interdicted, he is represented, he is not in an asylum or mental institution, that I could not even appoint a lawyer to represent him ...”
LSA-C.C.P. art. 733 divides proceedings against a mental incompetent into two categories depending on whether a curator has been appointed for the incompetent. If a curator has been appointed, that curator is the proper defendant.
Mr. Alonzo has no curator. Therefore, we should look to that portion of LSA-C.C.P. art. 733 dealing with mental incompetents who have no curator. The article requires that the court appoint an attorney to represent the mental incompetent who falls into this category. Up to this point all is simple. But that portion of LSA-C.C.P. art. 733 concerning mental incompetents without curators limits itself to only those mental incompetents without curators who are (1) interdicted, (2) committed to or (3) confined in a mental institution.
Mr. Alonzo is being cared for at home. He does not fall neatly into any of the above categories. Implicit in the transcript of the discussion by the trial judge of his reasoning when he was deciding this ease is an interpretation of LSA-C.C.P. art. 733 to the effect that if Mr. Alonzo does not fit neatly into one *58 of the enumerated categories then he must have procedural capacity. This approach loses sight of the fact that the major premise and overriding policy expressed by LSA-C.C.P. art. 733 at the outset is that: “A mental incompetent has no procedural capacity to be sued.” All else flows from and is subsidiary to this concept. Therefore, if Mr. Alonzo’s situation is not covered by the second paragraph of LSA-C.C.P. art. 733, there are no means whereby an action may be brought against him, at this time.
This does not mean that Mr. Alonzo is forever lost in a hiatus in the law.
The solution is to have Mr. Alonzo interdicted, appoint a curator, and then proceed against the curator as provided by LSA-C.C.P. art. 733. Mr. Alonzo is obviously incapable of having himself interdicted. There is no legal requirement that his current wife do so, although she may find it more cost effective if she does it as opposed to waiting for a third party to do it.
LSA-C.C.P. art. 4543 provides that anyone may file such interdiction proceedings. If there exists a person with sufficient incentive to do so, presumably it shall be done. The plaintiff in this case may be just such a person. LSA-C.C. art. 391; Interdiction of Giacona, 158 La. 148, 103 So. 721 (1925).
For the foregoing reasons those portions of the judgment against the defendant for past due child support and dismissing his declinatory exception are reversed; those portions of the judgment dismissing plaintiffs rules for contempt, increase in child support and attorney’s fees are affirmed. This case is hereby remanded to the trial court for further proceedings consistent with this opinion in accordance with the provisions of LSA-C.C.P. art. 963.

AFFIRMED IN PART; REVERSED IN PART AND REMANDED.