JiPEATROSS, Judge.
In this suit for damages resulting from a gunshot wound inflicted by the minor, Damon Baker (“Damon”), Defendant Dickie Allen Baker (“Baker”) appeals the judgment of the trial court which denied Baker’s motion for partial summary judgment. Baker, who is Damon’s biological father, argues that because it is uncontested that Damon, Baker’s illegitimate son, was not residing with Baker at the time the tortious act was committed, as required for parental liability under La. C.C. art. 2318, partial summary judgment was proper in this case.
FACTS
On July 6, 1995, Plaintiff, Troy Tippen (“Tippen”), was shot by Damon during an attempted aimed robbery at Tippen’s place of employment. Tippen filed suit for damages resulting from the shooting, naming as defendants the two assailants and their parents. In his original petition, Tippen alleged that Baker was liable for a tort committed by Baker’s illegitimate son, Damon. After the trial judge denied his exception of no cause of action, Baker filed a motion for partial summary judgment on November 14, 1997. The trial judge denied the motion for partial summary judgment and Baker filed for a supervisory writ to this court. On April 9, 1998, this court granted the writ to determine whether summary judgment is proper.
DISCUSSION
Baker argues, that regardless of Damon’s status as an illegitimate child, Baker is not liable for the minor’s tortious acts because the minor did not reside with Baker at the time of the incident, as required by La. C.C. art. 2318. Tippen claims that Baker is not relieved of his liability under La. C.C. art 2318 unless the parental obligation established under that article has been altered by a court imposed child custody order.
^Regarding legitimate children, La. C.C. art. 237 states:
Fathers and mothers are answerable for the offenses or quasi-offenses committed by their children, in the cases prescribed under the title: Of Quasi-Contracts, and of Offenses and Quasi-Offenses.
Regarding illegitimate children, La. C.C. art. 238 states:
Illegitimate children generally speaking, belong to no family and have no relations; accordingly they are not submitted to the paternal authority, even when they have been legally acknowledged.
La. C.C. art. 256 states in pertinent part: A. The mother is of right the tutrix of her illegitimate child not acknowledged by the father, or acknowledged by him alone without her concurrence.
La. C.C. art. 2318 provides:
The father and the mother and, after the decease of either, the surviving parent, are responsible for the damage occasioned by their minor or unemancipated children, residing with them, or placed by them under the care of other persons, reserving to them recourse against those persons.
The same responsibility attaches to the tutors of minors.
Paternal authority is the key to imposing tort liability on the father of a legitimate child. Paternal responsibility is the consequence and offspring of the paternal authority. Whenever the law terminates or interrupts the latter, the former is, at the same time, terminated or interrupted. Coats v. Roberts, 35 La. Ann. 891 (1883).
In Coats, the court ruled that a legitimate minor child, while obeying a sheriffs command to serve on a posse comitatus, was not subject to paternal authority, and hence his father was not liable for damages accruing from an accidental shooting by the minor. *619 In the more recent case of Redd v. Bohannon, 166 So.2d 362 (La.App. 3rd Cir.1964), the court ruled that a tort suit could not be maintained against the mother of a minor son arising out of his operation of ajjsmotor vehicle where the son did not reside with his mother and was in the military service at the time of the accident. In a similar case, Martin v. Sanders, 163 So.2d 923 (La.App. 1st Cir.1964), the legitimate minor child neither lived with his father nor was in his father’s care, but was in the provisional custody of his grandparents when his negligent driving caused an accident. Under these circumstances, the court ruled that the father was not liable for the son’s tortious acts.
The law and jurisprudence is silent as to the liability of the father for his illegitimate minor child’s tortious acts. Through an analogous application of the above articles and the jurisprudence, however, it is apparent that the father of an illegitimate minor child should be treated no differently than the father of a legitimate minor child. It is undisputed that Damon is illegitimate and the uncontroverted affidavits submitted by Baker show that Damon did not reside with Baker. According to La. C.C. art. 238, an illegitimate child is not subject to paternal authority, As such, Baker’s paternal authority was never established. Baker, therefore, does not have paternal authority over Damon and is not subject to liability for torts committed by Damon.
In accordance with the above discussion, we find that liability for Damon’s tortious acts should be treated in the same manner as liability for a legitimate child’s acts. We conclude that Baker did not have paternal authority over his illegitimate son and, therefore, is not hable for Damon’s tortious acts. Summary judgment in favor of Baker is appropriate in this case.
I ¿CONCLUSION
For the above reasons, the judgment of the trial court denying the partial summary judgment is reversed and partial summary judgment is granted in favor of Baker. Costs of this appeal are assessed to the appellee.
REVERSED AND RENDERED.