134 So.2d 337 (1961)
Louis SMITH
v.
SOUTHERN NATIONAL LIFE INSURANCE COMPANY.
No. 21626.
Court of Appeal of Louisiana, Fourth Circuit.
November 6, 1961.
Joseph F. Monie and C. Cyril Broussard, New Orleans, for plaintiff-appellant.
Breazeale, Sachse & Wilson, Baton Rouge, for defendant-appellee.
Before YARRUT, SAMUEL and HALL, JJ.
HALL, Judge pro tem.
Plaintiff, Louis Smith, as the named beneficiary in a policy of life insurance issued by the defendant, Southern National Life Insurance Company, on the life of one Willie D. Gilbert, filed this suit seeking to recover the face amount of the policy plus an equal amount under the double indemnity clause of the contract.
To this suit defendant filed an exception of no right of action based on the ground that the plaintiff beneficiary had feloniously killed Willie Gilbert, the insured, had pleaded guilty to such offense in Criminal Court and had been sentenced therefor, and that therefore he had no right, as beneficiary, to sue on the policy.
On the trial of the exception the parties stipulated "that Louis Smith was charged with manslaughter under Revised Statutes 14:31 in connection with the death of Willie D. Gilbert and that this charge was later changed, under Revised Statutes 14:32 to negligent homicide, and to which charge he plead guilty on May 19, 1955 and was sentenced by the court to two years in the parish prison, which sentence was suspended".
Thereupon the District Judge maintained the exception "on the basis that he plead *338 guilty to negligent homicide which is a felony under the law and, under the jurisprudence, he cannot recover on the life of one that was feloniously taken". There was judgment maintaining the exception and dismissing plaintiff's suit. Plaintiff prosecutes this appeal from that judgment.
It is well settled that "as a matter of public policy, * * * a beneficiary named in a life insurance policy is not entitled to the proceeds of the insurance if he or she feloniously kills the insured". American Nat. Life Ins. Co. vs. Shaddinger, 205 La. 11, 16 So.2d 889; Southern Life and Health Ins. Co. vs. Mack, La.App., 17 So.2d 370; Davis vs. Unity Life Ins. Co., La.App., 43 So.2d 67.
However, the question presented here is not one of substantive law but a very narrow one of pleading and practice. It resolves itself into a question of whether the plea of guilty in a criminal case is admissible in evidence in a civil case where one of the issues involved is the commission of the crime, and if admissible, whether such plea is conclusive against the party in the civil action.
For, in the case presented to us, if plaintiff's plea of guilty in the Criminal Court is not admissible in the civil action, or, if admissible, it does not constitute full and conclusive proof against him, plaintiff is entitled to have his case heard on the merits and to be given an opportunity to explain his plea if he can.
The precise point does not seem to have been passed upon by any of our appellate courts. At least counsel has not cited any Louisiana cases to us and we have been unable to find any within the time allotted.
However, it has come to the attention of the Courts of other states on numerous occasions and almost without exception those Courts have held that the plea of guilty by the accused in a criminal prosecution is admissible against him in a subsequent civil action arising out of the same offense as his deliberate declaration or admission against interest. See 20 Am.Jur. at page 545, Verbo "Evidence" Sec. 648; see also 31 C.J.S. at page 1070, Verbo "Evidence" Sec. 300(b); see also a comprehensive annotation covering the whole subject matter together with an exhaustive collection of authorities in 18 A.L.R.2d 1287-1319 (Supplementing 31 A.L.R. 261) and supplemented in Vol. 1 A.L.R.2d Supplemental Service (1960) p. 1581, Supplemental Service (1961) January Issue p. 262, Supplemental Service (1961) Midyear Issue p. 118.
As will also be seen from the authorities cited in the A.L.R. annotation Supra, the Courts have likewise, almost without exception, held that although the plea of guilty is admissible in the subsequent civil suit as a deliberate declaration or admission against interest it is not conclusive against the party concerned but may be explained by him.
The Virginia Case (Eagle, Star & British Dominions Insurance Company vs. Heller, 149 Va. 82, 140 S.E. 314, 57 A.L.R. 490) cited by counsel for appellee (holding that a conviction in a criminal prosecution is admissible in evidence and conclusive against the party convicted when he sues in a subsequent civil action involving the same facts) is not directly in point here and seems moreover to be contrary to the weight of authority.
We conclude that plaintiff's plea of guilty in the criminal prosecution does not destroy his right of action to sue on the policy since such plea, though competent evidence against him, is not conclusive as a matter of law.
For the foregoing reasons the judgment of the District Court maintaining the exception of no right of action is reversed.
Reversed.