REGAN, Judge.
The plaintiffs, American Casualty Company and Southern Land Title Corporation, instituted this suit against the defendant, Joseph W. Lennox, endeavoring to recover the sum of $3,993.68 representing damages incurred by the plaintiffs as a result of the negligence of the defendant in permitting a cigarette to ignite an apartment and its furnishings which Southern Land Title Corporation had leased to him.
The defendant answered and denied the existence of any negligence on his part. He then pleaded the exceptions of no right or cause of action predicated on American Casualty Company’s failure to assert any .facts reflecting an interest in the damaged property.
After a trial in the lower court, judgments were rendered in favor of the defendant, dismissing Southern Land Title Corporation’s suit on the merits and sustaining the exception of no right or cause of action as against the American Casualty Company. From these judgments both plaintiffs have prosecuted this appeal.
The record reveals that on July 29, 1962, at approximately 7:00 a. m., defendant was entertaining a friend in his apartment which is designated as 521-23 Dumaine Street, in the City of New Orleans. Since the weather was extremely warm, they were in the living room of the apartment and all of the doors leading therefrom were closed, so as to retain within the room as much cool air as possible which was emanating from an air conditioning unit located in a window thereof. In the course of their conversation, the defendant’s attention was attracted by smoke seeping from beneath the bedroom door. The New Orleans Fire Department was summoned, and the fire was extinguished, but not before considerable damage was caused as a result thereof, both to the apartment and its contents.
The plaintiffs insist that the trial court erred in concluding that they did not prove their case by a preponderance of the evidence and in sustaining the defendant’s exception of no right or cause of action insofar as the American Casualty Company was concerned.
Plaintiffs argue that the doctrine of res ipsa loquitur is applicable to the facts hereof and imposes the burden of proof upon the defendant to exculpate himself from negligence. However, it is well established that in conformity with the rationale of LSA-Civil Code Articles 2721 and 2723, the lessor must prove negligence on *709 the part of the lessee in order to recover for damages occasioned to the leased property by fire[1].
There is little evidence in the record to assist the court in determining whether the defendant was guilty of any negligence in starting the fire in his apartment. He simply testified that he did not know how the fire began, since he was not in the bedroom when it occurred, although he implied that it may have been caused by a defective lighting fixture.
Southern Land Title Corporation introduced evidence to reveal that the defendant entered a plea of guilty in Municipal Court to a charge of careless smoking. The trial judge ruled, however, that while such a plea is admissible as evidence in a subsequent civil case[2] as an admission against interest, it may nevertheless be explained by the party concerned. The defendant related that he entered the guilty plea for the sake of convenience and expediency; he then explained that it was easier and less expensive to pay the relatively small fine than to endure the long delays sometimes involved in the trial of cases in Municipal Court. We are impressed with this testimony, and we see no error in the lower court’s ruling to the effect that the defendant had adequately explained the guilty plea.
Plaintiffs also offered in evidence a report of the fire by the fire prevention division of the New Orleans Fire Department, which contains the following entry:
“Point of origin: Bed in Bedroom. Probable cause: Careless Smoking. (Admitted guilt, case to 1st Mun. Court, 9:00 A.M., 7/31/62.)”
This report was prepared by Romie Miller, who died prior to the trial hereof. Defendant’s counsel objected to its reception into evidence on the ground that it was hearsay, but his objection was overruled. When interrogated about the entry, defendant denied that he ever made such a statement and insisted that he did not cause the fire by any act which could be attributed to him.
The trial judge in his reasons for judgment preferred to lend more credence to the sworn testimony of the defendant than to an admission supposedly made by him at the time of the fire, and hence ruled that the report and the statements appearing therein were not sufficient proof to warrant the rendition of a judgment in favor of Southern Land Title Corporation. In this we concur. Assuming arguendo that the report was admissible as an exception to the hearsay rule, the circumstances surrounding the alleged statement of the defendant, and the fact that the defendant did not have an opportunity to cross-examine the late Romie Miller, all militate against our awarding any substantial probative value to this report.
In short, the lower court concluded that the evidence introduced at the trial hereof was not sufficient to> prove negligence on the part of the defendant. It is well settled by virtue of our jurisprudence that a judgment will not be reversed on appeal in the absence of manifest error on the part of the trial judge, and an analysis of the record convinces us that no such error exists herein.
It is unnecessary for us to decide whether the lower court reasoned correctly in dismissing the American Casualty Company’s suit on the defendant’s exception of no right or cause of action. The exception was not maintained until after the case was tried, and no admissible evidence available to the American Casualty Company was excluded. Therefore, in view of our conclusion that there was not sufficient evidence adduced herein to prove negligence *710 on the part of the'defendant, it is obvious that no judgment would have been,rendered in favor of the American Casualty-Company even if the defendant’s exceptions had been dismissed.
For the foregoing reasons, the judgment of the lower court is affirmed at the plaintiffs’ cost.
Affirmed.

. Jahncke Service, Inc. v. City of New Orleans, La.App., 126 So.2d 15; Poydras Fruit Co. v. Weinberger Banana Co., 189 La. 940, 181 So. 452.

. Smith v. Southern National Life Insurance Company, La.App., 134 So.2d 337.