192 So.2d 614 (1966)
Ina E. DAVIS, Plaintiff-Appellant and Defendant in Reconvention-Appellee,
v.
Eddie BANKSTON, June Williams and State Farm Mutual Automobile Insurance Company, Defendants-Appellees, and
State Farm Mutual Automobile Insurance Company, Plaintiff in Reconvention-Appellant.
No. 1839.
Court of Appeal of Louisiana, Third Circuit.
December 1, 1966.
Rehearing Denied December 21, 1966.
*615 Simon, Trice & Mouton, by Phil Trice, Lafayette, of counsel, for Ina Davis, plaintiff-appellant and defendant in reconvention-appellee.
H. Lee Leonard, of Voorhies, Labbé, Fontenot, Leonard & McGlasson, Lafayette, of counsel, for defendant in reconvention-appellee, Ina Davis.
William L. Brewster of McBride & Brewster, Lafayette, for State Farm Mutual Automobile Ins. Co., defendants-appellees and plaintiff in reconvention-appellant.
Before TATE, FRUGE and HOOD, JJ.
*616 TATE, Judge.
The plaintiff mother brings this suit on behalf of her minor son, Michael, 19, to recover for him general damages for his personal injuries sustained in a two-vehicle collision. Michael was driving one of the cars. The plaintiff sues the owner (Bankston), driver (Miss Williams), and liability insurer (State Farm) of the other automobile. State Farm, as subrogee under a collision coverage, reconvenes against her for the property damage sustained by the Bankston car.
After trial, the jury verdict rejected both demands upon its obvious conclusion under the instructions that the collision resulted from the concurring negligence of both drivers. Appeals are taken by both the plaintiff mother and by State Farm insofar as their respective original and reconventional demands were dismissed.
1. The plaintiff's appeal.

The plaintiff mother's appeal poses chiefly factual issues.
Based upon admissions by Miss Williams and her passenger allegedly corroborating young Michael's testimony, the plaintiff's counsel very persuasively argues that the facts show the accident occurred because of Miss Williams' sudden left turn through a boulevard neutral ground and across young Michael's path. Since he was too close to take evasive action, the collision thus resulted solely from Miss Williams' sudden and unexpected violation of his right of way.
On the other hand, there is substantial evidence which could reasonably have been accepted by the jury that young Michael was proceeding down the boulevard at a speed far in excess of the legal limit of 25 mph. This was instanced by the length of skidmarks made by his vehicle as he desperately braked and by the effects of the impact, as well as directly testified to by Miss Williams.
Under this evidence, therefore, Miss Williams was induced to enter the intersection by a misjudgment partially resulting from the excessive speed of young Michael causing her mistaken estimate that she could clear the intersection. She could not reasonably have realized that the right-of-way vehicle, observed at seemingly safe distance from the intersection, was nevertheless approaching so much in excess of the legally allowed speed as to create a hazard of collision should she attempt to cross its path. See, e. g., Wilson v. Williams, La.App. 1 Cir., 82 So.2d 71; cf., Demarest v. Travelers Insurance Co., 234 La. 1048, 102 So.2d 451.
A contributory cause of the collision may have been Miss Williams' failure to stop or to make more careful observation before entering the intersection and crossing the right-of-way street. Even so, the excessive speed of young Michael was a cause of the collision and bars his recovery. See, e. g., Hand v. Reid, La.App. 3 Cir., 169 So.2d 406; Burton v. Allstate Insurance Co., La.App. 3 Cir., 139 So.2d 817; State Farm Mutual Automobile Ins. Co. v. Gouldin, La.App. 1 Cir., 121 So.2d 365.
The trial jury accepted the testimony offered by the defendants tending to prove contributory negligence by way of excessive speed on the part of the plaintiff's driver. We find no manifest error in this factual finding based largely upon evaluation of credibility. A reviewing court will not set aside a jury verdict where, although the evidence is conflicting, the testimony of the witnesses of the prevailing party, if accepted as credible, is sufficient to sustain the verdict. Richard v. National Union Fire Ins. Co., La.App. 3 Cir., 189 So.2d 460; Begnaud v. Texas & New Orleans Railroad Co., La.App. 3 Cir., 136 So.2d 123, and cases there cited.
Erroneous evidentiary ruling.
The plaintiff argues, however, that the trial jury's verdict should not be accorded *617 the usual weight since the trial court erroneously excluded testimony favorable to her. Her counsel sought to introduce evidence that Miss Williams had pleaded guilty to a charge of failing to yield the right of way in connection with the accident. The trial court sustained defendant's objection. For purposes of appellate review, the excluded evidence was recorded out of the presence of the jury. LSA-CCP Art. 1636.
Ordinarily, evidence is not admissible in a civil tort action to prove either that a party was charged with, Bertoli v. Flabiano, La.App. 1 Cir., 116 So.2d 76, or convicted of, Reid-Elliott Motors v. Lee, La.App. 1 Cir., 94 So.2d 160, a criminal offense arising out of the same accident. To the contrary, however, the usual rule is that, in the absence of a prohibitory statute, a plea of guilty in a criminal case is considered an admission against interest which is competent evidence in a civil action involving the same subject matter. American Casualty Co. v. Lennox, La.App. 4 Cir., 169 So.2d 707; Smith v. Southern National Ins. Co., La.App. 4 Cir., 134 So.2d 337; 4 Wigmore on Evidence, Section 1066 (3d ed., 1940); 31A C.J.S. Evidence § 300b; 20 Am. Jur., Evidence, Section 648.
The trial court thus erred in excluding evidence of this plea of guilty.
However, such an admission, while competent evidence, is not conclusive. Thus, in the Lennox case cited above, the court in the civil proceedings accepted, as vitiating any admission of negligence, the party's explanation that he had pleaded guilty solely for the sake of convenience and expediency, since it was easier and less expensive to pay the relatively small fine than to contest the charge.
Miss Williams pleaded guilty and paid the small fine of $15 rather than contest the minor criminal charge. As earlier noted, the jury's verdict indicates that her own negligence in failing to yield the right of way was a contributory proximate cause of the accident. Additionally, the jury knew that Miss Williams alone had been charged with a criminal violation as a result of the accident, for her father had testified without objection that she alone was charged as a result of the accident, which was the reason that he had proceeded on the day of the accident to make measurements of skidmarks. See Tr. 249-50.
Considering all these circumstances, we do not believe any error of the trial court in excluding Miss Williams' plea of guilty had effect on the jury verdict prejudicial to the plaintiff.
Accordingly, we will affirm the trial court's dismissal of the plaintiff's principal demand for damages.
2. State Farm's reconventional demand.
By reconventional demand State Farm prays for judgment against the plaintiff Mrs. Ina Davis for the damages caused by her son to the vehicle driven by Miss Williams. (The evidence proves the net amount of these to be $1,649.11.) The trial court judgment dismissed this reconventional demand with prejudice, in accordance with the jury verdict which amounted to a determination that both drivers were negligent and therefore neither should pay the other.
State Farm was made defendant to the principal demand as liability insurer of Miss Williams under an omnibus clause. She was driving the insured vehicle with the consent of its owner, Bankston, to whom both liability and collision coverage had been afforded by the State Farm policy issued to him. By reason of its collision coverage, State Farm paid Bankston for the property damage sustained by his car, and it now reconvenes as subrogee.
The reconventional demand is founded upon Bankston's right to recover *618 from Michael Davis, the other driver, for the loss caused by his negligence. Bankston's recovery is not barred by any negligence of the driver of his own car, Miss Williams, that may have contributed to the accident. A borrower's negligence is not imputed to the vehicle's owner unless there is some agency relationship between the borrower and the owner. Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149, noted (as to this point) 24 La.L.Rev. 948 (1964); North River Insurance Co. v. Allstate Insurance Co., La.App. 3 Cir., 132 So.2d 90. Miss Williams had borrowed the Corvette from Bankston to use it on a personal mission of her own, and thus her negligence is not imputable to Bankston.
The principal demand of this suit was brought by "Ina E. Davis, appearing herein in a representative capacity for and on behalf of her minor child, Michael Davis." It is argued that the reconventional demand is unfounded because brought against her individually (i. e., instead of in her representative capacity). We think the more proper construction of the pleadings as a whole shows that State Farm reconvened against her in the same capacity in which she had brought suit (i. e., as representative of her unemancipated minor son). In so holding, we partially rely upon an exception and a motion to strike filed by the plaintiff, and the joint agreement that they be sustained, Tr. 118, which distinguished between certain other reconventional claims for credit for sums paid the mother individually, as compared with the present reconventional claim now before us.
As to this reconventional demand, an unemancipated minor is personally liable for the damages caused by his tort, even though his parent or tutor may also be liable. Minority is not a defense for damages caused by the minor's negligence. LSA-CC Arts. 1785, 1874 and 2227; Redd v. Bohannon, La.App. 3 Cir., 166 So.2d 362.
However, the unemancipated minor does not have the procedural capacity to sue or be sued. Ordinarily he must be made a party to the suit only through his parent or tutor. LSA-CCP Arts. 683, 732. When, as in the present case, the parents are divorced, the minor may be sued only through his duly qualified tutor, except that "If such a minor has no tutor, the action may be brought against the minor, but the court shall appoint an attorney at law to represent him." LSA-CCP Art. 732. See Redd v. Bohannon, cited above.
The evidence reflects that Michael's parents were divorced and that his mother, the plaintiff Mrs. Ina Davis, was awarded his custody and thus was entitled to be appointed tutrix, LSA-Civil Code Art. 250. Nevertheless, the evidence does not reflect whether or not a tutor for him has ever been appointed.
The defendants have waived any right they may have had to question Mrs. Davis' procedural capacity to sue for her minor son. LSA-CCP Art. 855 provides: "It is not necessary to allege the capacity of a party to sue or be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of a legal entity or an organized association of persons made a party. Such procedural capacity shall be presumed, unless challenged by the dilatory exception."
A different question, however, is presented as to whether the minor waived his right to question his procedural capacity to be sued by the reconventional demand. Unlike an answer to a reconventional demand, which must be pleaded, LSA-CCP Art. 1035, declinatory or dilatory exceptions to it need not be pleaded, LSA-CCP Art. 852, although they may be, LSA-CCP Art. 1034.
Article 852 provides: "The pleadings allowed in civil actions, whether in a principal or incidental action, shall be in writing and shall consist of petitions, exceptions, written motions, and answers. No *619 replicatory pleadings shall be used and all new matter alleged in exceptions, contradictory motions, and answers, whether in a principal or incidental action, shall be considered denied or avoided." Although the question is not free from doubt, we interpret Article 852, in the light of these other Code provisions, to mean that an exception questioning the minor's lack of procedural capacity to be sued is "considered" to be filed in replication to the reconventional demand urged as "new matter" in State Farm's answer.
We realize that there is considerable force to the argument that the plaintiff mother, having brought suit as her son's representative, should be estopped upon reconventional demand against her to deny her procedural capacity to represent the minor. We have concluded, however, that a parent's conduct should not estop a minor child from claiming the benefit of the mandatory legislation designed to protect the minor's interest by requiring court appointment of an attorney in the absence of a duly qualified tutor, see LSA-CCP Art. 732. We further realize the force of the argument that the positive provision of Article 855, that "* * * procedural capacity shall be presumed unless challenged by the dilatory exception", might be deemed to modify the provision of Article 852 that the replicatory pleading of exceptions to a reconventional demand is not necessary; however, we are not persuaded by it.
We must conclude that State Farm's reconventional demand against Ina Davis as representative of the minor Michael Davis was correctly dismissed, because Michael did not have the procedural capacity to be sued except through the appointment of an attorney. See LSA-CCP Art. 732; Redd v. Bohannon, La.App. 3 Cir., 166 So.2d 362. (See 166 So.2d 366: "For purposes of determining the exception of lack of procedural capacity to be sued, the minor's retaining an attorney to represent him thus does not cure any lack of procedural capacity to be sued resulting from the absence of a Code-required court-appointed attorney to represent the minor without tutor.")
However, the present minor's lack of procedural capacity to be sued can be cured by the court's appointment of an attorney to represent him. When the grounds of a dilatory exception such as a lack of procedural capacity may be cured, the proper judgment sustaining the exception should afford the plaintiff an opportunity to cure the defect rather than dismiss the suit out-right. LSA-CCP Art. 933; Redd v. Bohannon, cited above. Our decree will amend the trial court judgment to this effect.
Decree.
For the foregoing reasons, we affirm the judgment of the trial court dismissing the suit against the defendants. However, we set aside the trial court judgment insofar as it dismissed with prejudice the reconventional demand by State Farm Mutual Automobile Insurance Company against Ina E. Davis, appearing for and on behalf of her minor child, Michael Davis. With regard to this reconventional demand, we remand these proceedings for the trial court to enter an order to allow the plaintiff in reconvention a delay within which to amend its petition to obtain the appointment of an attorney at law to represent the minor, with the dismissal of the suit against the minor to be conditioned only upon a noncompliance with this order. The costs of this appeal are assessed against the plaintiff-appellant; all other costs to await the final disposition of these proceedings.
Amended and affirmed.

On Application for Rehearing.
En Banc. Rehearing denied.