JOHNSON, Judge.
Plaintiff brought this suit to recover damages to his Plymouth automobile resulting from a collision against the right rear portion of the car by a taxicab allegedly driven by Morris S. Bernard on December 2, 1964. The defendants are Bernard, Clarence Duke and Jet Cab Company, Inc., owners of the taxicab, and Nola Cabs, Inc., as insurer of the taxicab. Judgment was rendered by the First City Court of New Orleans in favor of defendants, dismissing plaintiff’s suit. Plaintiff has appealed.
The facts are that plaintiff was in his home at 2327 North Galvez Street about 12:00 o’clock on the night of the accident. He heard a crash and went to his front porch. His Plymouth was parked on the left side of the street facing down-river in front of his steps. He found a Jet Cab Company taxicab against the back end of his Plymouth and the driver was in the process of backing the taxicab. Another car was coming in the opposite direction. The street is narrow and the taxicab had to wait for this other car to pass. This gave plaintiff an opportunity to get a good description of the driver and the cab number.
Plaintiff called the police and policeman Elmer Poche responding to the call came to plaintiff’s home at 1:10 o’clock a. m. He then went to the office of Jet Cab Company and found Bernard there. The policeman took Bernard to plaintiff’s home where plaintiff identified him as driver of the cab that struck plaintiff’s car. The collision caused a leak in the cab radiator and after leaving plaintiff’s home, the policeman, with Bernard in his car, followed the trail of water along several streets to Hope Street where they found the taxicab parked on Hope' Street within a few blocks of the Jet Cab office on London Avenue. Bernard was put under arrest and charged with fleeing the scene of the accident, using *504 the wrong lane of the street and making a false theft report.
At the trial of this civil action, plaintiff testified that he identified Bernard on the night of the accident, when- he was brought to his home by the policeman, as the driver of the taxicab which struck plaintiff’s car on that occasion. Plaintiff also testified that he was present in the traffic court when Bernard was first arraigned and pleaded not guilty. Bernard’s trial on the traffic charges was fixed for a future date. After several continuances the matter finally came up in traffic court on May 26, 1965, when plaintiff was again present. When Bernard was called he responded with an attorney who went to the bench and held a private conversation with the judge, after which Bernard was called up and the judge asked Bernard whether he would plead guilty or not guilty and Bernard answered “guilty.” Bernard testified in this suit and denied that he had personally pleaded guilty on that occasion and said his attorney did it. When asked to explain why he had entered a plea of guilty to the traffic charges, and why he had paid the fine and served a sentence in jail, Bernard made no attempt on the witness stand to make any explanation.
Certified copies of the traffic court proceedings were first excluded when offered in evidence but later in the trial were admitted and filed in evidence. We are firmly of the opinion that Bernard either entered a plea of guilty personally or through his attorney and that it makes no difference because Bernard knew what was being done. The copies of the traffic court records filed in evidence show that there were two charges against this defendant on which the plea of guilty was entered, one for “improper lane use” and the other “fleeing the scene of the accident.” On each of these records there is a notation that “defendant withdraws his former plea of not guilty and enters a plea of guilty in lieu thereof this date 5/26/65.” These records also show that on the charge of fleeing the scene of the accident the court sentenced the accused to pay a fine of $60.-00 and on the charge of improper lane use he was sentenced to serve one day in jail. Bernard testified that he paid the fine and served the jail sentence. These records were admitted in evidence not to prove liability in the civil action, but to prove that said defendant made admissions against interest, and we so consider this evidence in that light according to it only the weight to which such evidence is entitled.
Counsel for defendant made vigorous objection to the admission of evidence that Bernard had pleaded guilty to the traffic violations in the traffic court. Counsel is correct in his objection insofar as consideration of the criminal court records as constituting full and conclusive proof of Bernard’s guilt of negligent driving having caused the damage to plaintiff’s car, but Bernard’s plea of guilty in the traffic court is admissible in the civil action for damages as an admission against interest, which, under the circumstances, may be given some weight against him. Judge Hall of this court is the author of the decision in Smith v. Southern National Life Insurance Company, La.App., 134 So.2d 337, in which he comments that the precise point of admissibility of such evidence had not been passed upon by the appellate courts of this state, and the decision continues :
“However, it has come to the attention of the Courts of other states on numerous occasions and almost without exception those Courts have held that the plea of guilty by the accused in a criminal prosecution is admissible against him in a subsequent civil action arising out of the same offense as his deliberate declaration or admission against interest. See 20 Am.Jur. at page 545, Verbo ‘Evidence’ Sec. 648; see also 31 C.J.S. at page 1070, Verbo ‘Evidence’ Sec. 300(b); see also a comprehensive annotation covering the whole subject matter together with an exhaustive collection of authorities in 18 A.L.R.2d 1287-1319 (Supplementing 31 *505 A.L.R. 261) and supplemented in Vol. 1 A.L.R.2d Supplemental Service (1960) p. 1581, Supplemental Service (1961) January Issue p. 262, Supplemental Service (1961) Midyear Issue p. 118.”
This Smith case is cited with approval in Roller v. Cormier, La.App., 192 So.2d 568; Davis v. Bankston, La.App., 192 So.2d 614; American Casualty Company v. Lennox, La.App., 169 So.2d 707.
Bernard testified that while he was in a barroom at Lehárpe and North Claiborne Avenue the taxicab was stolen at about ten minutes to twelve o’clock on that night; that instead of immediately reporting the theft to his taxicab office and to the police by telephone, he walked about 10 blocks to the taxicab office and was there about 12:15 a. m., or 12:20 a. m., when policeman Poche came there from plaintiff’s home (Poche’s report shows that he did not get notice of this accident until about 1:00 o’clock a. m. It was after that when the policeman went to the cab office where he found Bernard).
According to this police report filed in evidence, Bernard told the police on that occasion that the cab had been stolen from him at the barroom at about 12:30 a. m., which was some half hour or more after the accident.
The allegation of plaintiff’s petition describing the capacity of the defendants reads as follows:
“That Nola Cabs, Inc., a Louisiana corporation, on information and belief, is made defendant herein in that it is the bonder of Jet Cab Company, Inc., and Clarence Duke; and that Jet Cab Company, Inc., a Louisiana corporation, is made defendant herein as the employer of Morris S. Bernard.”
Referring to the status of Nola Cabs, Inc., which is made a defendant on the theory that Nola Cabs, Inc., is the public liability insurer of the taxicab driven on that night by Morris S. Bernard, witness Walter Garvey testified that he was employed by Nola Cabs, Inc., and that the corporation was the insurance agent for St. Louis Fire and Marine Insurance Company which issued a policy covering the taxicab involved in this accident. He said: “Jet Cab owns the cab, several cabs, which we have insurance on.” There is no evidence that Nola Cabs, Inc., was in any other way involved in this claim. Therefore, the judgment in favor of Nola Cabs, Inc., must be affirmed.
Driver, Morris S. Bernard, further testified that he was employed by Clarence Duke who he said was the owner of the taxicab. Duke did not testify at all. This and other testimony in this record satisfies us that Duke was actually the owner of the cab and that the cab was being operated by Jet Cab Company, Inc., for Duke, in which capacity the corporation would also be liable.
The trial court gave no reasons for judgment and we can only assume that the court did not believe plaintiff’s version of the accident or his identification of the driver. We think the identification of the driver was sufficient in view of the evidence in the case. Certainly he could not have believed Bernard’s story. We are convinced that Bernard was driving that cab when the collision took place; that he left the scene of the accident, driving that taxicab; that he drove the cab to Hope and St. Anthony Streets near the taxicab office; that he left the cab there and then walked the few blocks to the cab office on London Avenue. Plaintiff has carried the burden of proof by a preponderance of competent evidence.
The shop foreman of Bolton Ford Company made an estimate itemizing the costs of the damages to plaintiff’s car to be $248.23. The foreman testified confirming that he made that estimate, showing qualifications to do so and his written, itemized estimate is filed in evidence.
For these reasons the judgment in favor of Nola Cabs, Inc., is affirmed and in all other respects the judgment is reversed. *506 It is now ordered, adjudged and decreed that there be judgment herein in favor of the plaintiff, Ronald Gorman, and against the defendants, Morris S. Bernard, Clarence Duke and Jet Cab Company, Inc., individually and in solido, in the full sum of $248.23, with legal interest thereon from date of judicial demand until paid and for all costs of this suit.
Affirmed in part, reversed in part, and recast.