GULOTTA, Judge.
Plaintiff, Mrs. Leda Hall Sumner Hartman, filed suit against Will H. Dunn and Allstate Insurance Company for damages for the wrongful death of her daughter, Patricia Sue Sumner, as a result of an automobile collision between a station wagon driven by the plaintiff’s other daughter, Julia Sumner, in which Patricia was a passenger and an automobile driven by Dunn. The station wagon is owned by plaintiff’s husband (stepfather of the girls) and insured by the defendant, Allstate. Following a trial on the merits, the trial court rendered judgment dismissing the plaintiff’s suit against both defendants. Plaintiff appeals.
The facts surrounding the accident are essentially undisputed. The record discloses that on September 1, 1968, at approximately 4:20 p. m. Julia was driving her stepfather’s automobile on Cook and Strong Road in a southerly direction near its intersection with Louisiana Highway 40 in Tangipahoa Parish. Her sister, Patricia, occupied the front seat with her. When the station wagon reached the intersection, it passed the stop sign and proceeded into the westbound lane of Highway 40, whereupon it was struck by an automobile driven by Dunn. Julia stated that she applied the brakes when she was about 75 yards from the intersection, pressing the brakes once, and coasted for approximately 50 yards and again pumped the brakes about 25 yards from the intersection. The brakes did not hold, and Julia’s car went into the path of the Dunn automobile. At the time of the accident, Julia was 14 years of age (born on October 16, 1953). She would have attained li-censable age in 45 days.
The trial judge in dismissing plaintiff’s suit found that Julia’s negligence was the sole and efficient cause of the accident. The suit was, therefore, dismissed against Dunn. However, recovery was denied plaintiff against Allstate on the basis that Mrs. Hartman was, herself, guilty of negligence. In her appeal, plaintiff concedes that the liability of Dunn is not in issue.
While Allstate seeks to have the judgment of the trial court affirmed, they insist the court erred in concluding that negligence could not be imputed to plaintiff because she did not have de jure custody. Since we conclude that plaintiff’s own negligence deprives her of recovery, any discussion of this contention is unnecessary. Therefore, the primary question presented is whether a violation of LSA-R.S. 32:416 if coupled with sufficient proof of the minor child’s negligence, causally connected and constituting a proximate cause of the accident, is sufficient to defeat plaintiff’s claim for damages for the wrongful death of her daughter. Or, as claimed by plaintiff, is there an additional requirement that there be sufficient evidence to show that the parent was in fact negligent in allowing the underage child to drive a motor vehicle when the parent knew or had reason to believe that the child was a careless and incompetent driver.
LSA-R.S. 32:416 provides:
“No person shall cause or knowingly permit his child or ward, under the age of fifteen years, to drive a motor vehicle, except a power cycle, and under the age of fourteen years, to drive a power cycle, upon any highway.”
The provisions of the statute placed a prohibition against the parent from allowing or knowingly permitting a child under the age of 15 years to drive a motor vehicle. In our opinion, a violation of the statute constitutes negligence per se on the part of the parent. The legislature in its *374 wisdom has determined that a child under the age of 15 years is not competent to drive.
This view is supported jurisprudentially in the case of Elemendorf v. Clark, 143 La. 971, 79 So. 557. The court stated:
“The ordinance prohibiting the operation of cars by persons under 18 years of age is predicated upon the theory that caution and experience are the characteristics of age rather than of youth, and upon the well-founded belief that there are few occupations in which these characteristics are so essential to the public safety as the driving of motorcars * * * »
However, negligence per se, absent causal connection of negligence of the child resulting in the death from the accident, is not sufficient to constitute negligence on the part of the parent sufficient to defeat her claim.
The evidence amply supports a conclusion that plaintiff violated the provisions of the statute. She knew that Julia was going to drive the automobile on the state highway on the date of the accident and that Julia was too young to have a Louisiana driver’s license. Moreover, the fact that the wrongful death occurred because of Julia’s negligence has never been seriously disputed. While the driver of the other vehicle was joined in the suit, the evidence shows that Julia’s negligence in not stopping at the stop sign and in entering into the path of the oncoming automobile on Highway 40 was the proximate cause of the accident. The cause of Julia’s failure to stop was apparently defective brakes. Clearly, causal connection between Julia’s negligence and the accident and fatal injuries was established.
Now turning to the heart of the dispute, is it necessary that there be additionally established in such cases that plaintiff had knowledge or reason to believe that Julia was either careless or incompetent as a driver? We think not. The statute itself determines competence, and we cannot permit the knowledge or lack of knowledge or a standard of the mother or parent for competence to be substituted for the standards set by the legislature, i. e., 15 years of age. To take a contrary view, in our opinion, would be untenable. Were we to do so, then the effectiveness of the statute would be completely negated. This legislative enactment makes a child underage absolutely incompetent, not simply relatively incompetent, leaving competence to be determined by the parent.
It is, therefore, our conclusion that in this instance when the violation of this statute is established and causal connection between the injuries and the negligent acts of the minor child have been proved, there is constructive negligence on the part of the parent sufficient to defeat plaintiff’s claim.
A large part of the record and argument is addressed to the factual question of plaintiff’s knowledge of Julia’s careless driving habits and of her incompetence as a driver. Because we have determined proof of this fact is not required in this instance to defeat plaintiff’s claim, any consideration of this issue is vain and useless.
Accordingly, the judgment is affirmed.
Affirmed.
LEMMON, J., dissents with written reasons.