273 So.2d 312 (1973)
Marianne Drumm LUTRELL
v.
Cecil H. BEARD et al.
No. 5267.
Court of Appeal of Louisiana, Fourth Circuit.
February 6, 1973.
Burton G. Klein and Robert A. Katz, New Orleans, for plaintiff-appellee.
Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Stewart E. Niles, Jr., New Orleans, for John A. Boyle, Tops Co., Inc., and Travelers Ins. Co., defendants-appellees.
Turner & Skinner, Emile L. Turner, Jr. and Thomas E. Johnson, New Orleans, for Admiral Merchants Ins. Co., defendant-appellant, and Cecil H. Beard, defendant-appellee.
Before SAMUEL, GULOTTA and SCHOTT, JJ.
SCHOTT, Judge.
This case arose out of an automobile accident which occurred at about 9:00 PM on February 3, 1970, on Elysian Fields Avenue *313 at Treasure Street, in the City of New Orleans. The plaintiff was a guest passenger in the automobile driven by John A. Boyle, owned by Tops Co., Inc., and insured by Travelers Insurance Company. The other vehicle involved in the collision was a tractor and trailer operated by Cecil H. Beard, owned by the Jack Cole Co. and insured by Admiral Merchants Insurance Company.
Prior to the accident Boyle was traveling along Elysian Fields descending from an overpass. Simultaneously Beard, traveling in the same direction as Boyle, entered Elysian Fields from a service road running at ground level parallel to the overpass until a merger of the two roads at Abundance Street, proceeded to his left across three lanes of traffic constituting Elysian Fields and was in the process of turning left into the neutral ground area when the two vehicles collided. According to Boyle he had at all times been in the extreme left lane of traffic and as he began to pass the Beard tractor and trailer which was then in the center lane Beard made his left turn, creating a situation in which Boyle was "pinned" between the Beard vehicle and the neutral ground, so that despite the application of his brakes the Boyle vehicle struck the "dolly" stationary wheels located to the rear of the middle of the trailer. According to Beard, when he entered Elysian Fields the Boyle vehicle was at the top of the overpass, about a block or block and a half away from the point where he entered the avenue at Abundance Street. As he crossed Abundance Street which was one block before Treasure Street he moved his vehicle across the center lane into the left lane, and just before reaching Treasure Street he veered slightly into the center lane so as to make it possible for him to execute a left turn. After he had proceeded with his turn to the point where the front of his tractor entered the neutral ground area, his trailer was struck by the Boyle vehicle.
After hearing testimony of the plaintiff, the two drivers and a police officer who investigated the accident, the trial judge awarded a judgment to the plaintiff for $3,345 against all defendants in solido.
From this judgment only Admiral Merchants, the insurer of the tractor and trailer, has taken an appeal, so that the judgment in favor of the plaintiff against all of the other parties became final in the trial court.
Admiral Merchants specifies errors on the part of the trial court in 1) concluding that both drivers were proximately negligent and caused the accident, 2) failing to consider the weight of the evidence and testimony concerning the intoxication of the plaintiff's host driver, Boyle, 3) failing to find that the plaintiff was guilty of contributory negligence since she knew or should have known of the intoxication of her host, 4) failing to find that the host's intoxication was a substantial cause or factor in the accident, and 5) making an excessive award to the plaintiff for her injuries.
In his reasons for judgment the trial court stated as follows:
"This is a clear case in the Court's opinion, as clear a case as I have ever heard tried where both parties are negligent, or contributorily negligent. There is negligence on the part of the truck driver; there is negligence on the part of the automobile operator. Each driver saw the other vehicle. The truck driver says he saw the automobile at the crest. The automobile, at the crest of the overpass, says he saw the the truck. If either would have yield (sic.) to the other, the accident would not have happened. They were both negligent in the operation of the particular vehicles. The officer's sketch, the sketch of a disinterested party, clearly shows the position of the car and truck after the accident, and it shows that the accident could not have happened like the truck driver says it did. Now, insofar as the negligence of Mr. Boyle, being attributed to Miss Luttrell, there is nothing to that. She had *314 no control over his driving. Whether or not Mr. Boyle was intoxicated or not is immaterial, because he was negligent whether sober or drunk."

In disposing of this case, we may disregard Admiral's first specification of error and proceed to the specifications concerning intoxication on the part of the plaintiff's host and the affirmative defense that she was contributorily negligent in riding as a passenger when she knew or should have known that the driver did not have normal control of his physical and mental faculties, and when she knew or should have known that her driver was under the influence of intoxicants to the extent that his mental and physical faculties were materially impaired.
The plaintiff's host, Boyle, testified that while at the top of the overpass he saw the truck coming onto Elysian Fields. When he reached the bottom of the overpass at Abundance Street the truck had gotten into the center lane, it veered to the right and then to the left, whereupon the plaintiff's host applied his brakes, the plaintiff screamed and "we were under the trailer-truck." The host insisted that he had been in the left lane at all times prior to the collision, and both he and his passenger, the plaintiff, denied seeing any signals on the truck trailer indicating an intention on the part of its driver to make a left turn.
The police officer, who investigated the accident, testified that he found the two vehicles in this position after the accident: The front of the cab on the truck trailer was within the neutral ground crossing of Treasure Street with the length of the rig running diagonally across the left lane of Elysian Fields or the lane nearest the neutral ground and the right rear of the trailer still in the center lane or second lane from the neutral ground. The Boyle automobile was wholly within the left lane with its right front against a plate supporting the "dolly wheels" of the trailer located about one-third of the length of the trailer from its rear. Significantly the officer found 35 feet of skid marks measuring from the front wheels of Boyle's automobile in the left lane running diagonally and coming to an end wholly within the center lane to the rear of the trailer. This leads to a conclusion that Boyle attempted to pass when the truck trailer was already in the process of turning, constituting clear cut negligence on his part. It is equally clear that the truck driver, Beard, was negligent in attempting to execute a left turn when it was unsafe to do so.
The police officer also testified that Boyle appeared as though he had been drinking from "his walk, talk, speech, his clothes disarrangement." He said there was the odor of alcohol on his breath, his pupils were dilated and his eyes were bloodshot. He characterized Boyle's attitude as "belligerent and incoherent" and as a result of his investigation he charged Boyle with driving while under the influence of intoxicants and reckless driving.
Subsequently, Boyle pleaded guilty to driving while intoxicated in the traffic court although he offered the explanation that this was a negotiated plea in which the charge of reckless driving was dismissed in exchange for his plea of guilty to the charge of driving while intoxicated.
Boyle admitted that he had consumed some alcoholic beverages between 5:30 or 6:00 PM and the time of the accident at 9:00 PM.
The host's plea of guilty to the charge of driving while under the influence of intoxicants constitutes an admission against interest which may be given some weight against him. Gorman v. Duke, La.App.1969, 217 So.2d 503; Davis v. Bankston, 192 So.2d 614, La.App.1966.
The law is also clear that a party who has entered a guilty plea in another court may offer an explanation for his doing so which might reduce or eliminate the effect of such a plea, Davis v. Bankston, supra; Hutchins v. Westley, 235 So. *315 2d 434, La.App.1970; Roller v. Cormier, 192 So.2d 568, La.App., writ ref. 250 La. 256, 195 So.2d 142, 1966. But in the instant case the host's only explanation was that his plea to the charge of driving while intoxicated was in exchange for a dismissal of a charge of reckless driving. It can hardly be said that his plea of guilty to the more serious offense is satisfactorily explained simply by the lesser offense being dismissed in that court.
The contributory negligence of the passenger is based on the fact that she knew or should have known that her host was under the influence of intoxicants so much so that it materially impaired his mental and physical faculties. The testimony of the police officer can lead to no other conclusion but that plaintiff was charged with that knowledge since it was the host's behavior and appearance which led the police officer to charge him with the offense in the first place.
The trial judge committed error in that portion of his reasons for judgment which is underscored above. Where the negligence of two drivers contribute to an accident which causes injury to one driver's guest passenger and where the intoxication of the host contributed to the cause of the accident the guest is barred from recovery against any of the drivers as a result of the guest's contributory negligence in riding with an intoxicated driver when she knew or should have known that his mental and physical faculties were substantially impaired by his condition, Viator v. Grain Dealer's Mutual Insurance Company, 182 So.2d 165, La.App.1966. Thus, the trial judge erred in holding that such negligence of her host could not be attributed to the plaintiff in this case, that she had no control over his driving, and therefore whether or not he was intoxicated is immaterial. Accordingly, the plea of contributory negligence on the part of Admiral Merchants is maintained, the plaintiff's petition as against it will be dismissed, and the judgment reversed insofar as it casts Admiral Merchants along with the other defendants.
The judgment appealed from is reversed and the plaintiff's suit is dismissed as against Admiral Merchants Insurance Company. All costs are to be borne by plaintiff.
Reversed and rendered.
GULOTTA, Judge (dissenting).
I respectfully dissent.
In order to bar plaintiff's recovery, it is not only necessary that it be shown that Boyle was intoxicated but additionally that the intoxication was the contributing cause[1] of Boyle's negligence and that plaintiff knew or had reason to believe that Boyle was intoxicated. While Beard carried the first (i.e., Boyle's intoxication) successfully, he failed to carry the remaining burden. Apparently, the trial judge found Boyle to be negligent but did not conclude that the negligent act was attributable to or was the result of intoxication. I am unable, after a review of the record, to conclude that the determinations of the trial judge are so unsupported by the record as to warrant a contrary finding. There is no indication from the record that Boyle was driving at an excessive rate of speed or that his reflex response was delayed as a result of intoxication or that he failed to exercise control of his vehicle by reason of inebriation. On the contrary, the evidence is to the effect that upon being apprised of the danger, Boyle immediately and instantaneously applied his brakes, however to no avail. It is equally significant in this case that there was a failure to clearly show that plaintiff either knew or had reason to believe that the defendant was, in fact, intoxicated. While the police officer testified concerning the physical appearance of Boyle resulting in *316 his arrest for driving while under the influence of liquor, the truck driver, Beard, did not indicate in his testimony that it was perceptible, either by Boyle's conduct or appearance, that he (Boyle) was intoxicated.
Without a clear requirement of connection between intoxication and negligence as well as between intoxication and knowledge of the plaintiff, a presumption might be created (when one is intoxicated) that the intoxication was a contributing cause of the negligence and that the plaintiff knew or had reason to believe[2] that the driver was intoxicated.
Because I am of the opinion that the burden is clear and was not carried in this case, I respectfully dissent.
NOTES
[1] See Garcia v. Anchor Casualty Company, 148 So.2d 371 (La.App.1st Cir. 1962).
[2] However, in the case of Hartman v. Allstate Insurance Company, La.App., 271 So.2d 372, this court denied recovery to a parent for the wrongful death of her guest passenger child in an automobile driven by plaintiff's other child who was under the age of 15 years (in violation of LSA-R.S. 32:416) without requiring that it be shown plaintiff had knowledge or reason to believe that the underage child was an incompetent driver. The instant case is distinguishable in that it can be presumed the mother in the Hartman case knew of the child's incompetence (i.e., underage) while in this case it cannot be presumed the plaintiff knew or had reason to believe that Boyle was incompetent (i.e., intoxicated).