301 So.2d 428 (1974)
Clarence MOORE
v.
Winston SKIDMORE and Vince Skidmore.
No. 6354.
Court of Appeal of Louisiana, Fourth Circuit.
October 9, 1974.
*429 Anthony W. Skidmore, New Orleans, for defendant-appellant.
Roccaforte & Rousselle, Leo W. Rousselle, New Orleans, for plaintiff-appellee.
Before REDMANN, GULOTTA and MORIAL, JJ.
GULOTTA, Judge.
Defendant, Vince Skidmore, appeals from a judgment in favor of the plaintiff for automobile damages resulting from an accident which occurred on September 2, 1972, near the intersection of Old Gentilly Road and McCoy Street in New Orleans. The undisputed facts are that the accident occurred at night (2:30 a. m.), that the lights of the defendant's vehicle were out, and that the defendant attempted to "flag down" the plaintiff.
Plaintiff's version is that he was traveling west on Old Gentilly Road and was approaching the McCoy Street intersection, when the left rear of defendant's automobile was pushed into the right rear of his vehicle.
Defendant's version is that immediately prior to the accident, he had pulled out onto Old Gentilly Road from a motel parking lot, when due to some electrical failure, everything in the car "just went out" causing the automobile to stop. Thereafter, two unknown men helped him push the car to the side of the road. One man supposedly steered the car from the left hand side, while the other man pushed. Defendant was positioned behind the vehicle as a lookout. Defendant claims that as the plaintiff's car approached, he motioned the plaintiff around, but that plaintiff continued forward until the right rear of his car struck the left rear of defendant's vehicle.
*430 Defendant claims the trial judge erred in finding for the plaintiff in light of the corroborative testimony offered by the investigating officer. We do not agree.
The officer testified that he could not be sure how the accident occurred. Before he arrived at the accident site, the plaintiff had moved his car in order to prevent the blocking of traffic on Old Gentilly Road. The sum of his testimony was that the accident could have happened either as plaintiff or as defendant claims; no skid marks were evident, nor was enough debris present at the scene to enable him to reconstruct the accident. However, he did state that although a determination was difficult to make, he was of the opinion that the automobile driven by the plaintiff had struck the automobile of the defendant. For that reason, he issued a traffic citation to the plaintiff. After reviewing the officer's testimony, we cannot conclude that it corroborated the defendant's version of the accident.
We also reject defendant's contention that the trial judge disregarded plaintiff's guilty plea in traffic court to a charge of careless operation of an automobile. Plaintiff's guilty plea was properly admitted by the trial judge. The plea is an admission against interest which may be given some weight; however, it is not conclusive. Gorman v. Duke, 217 So.2d 503 (La.App.4th Cir. 1969); Davis v. Bankston, 192 So.2d 614 (La.App.3rd Cir. 1966); Gruber v. Beeson, 284 So.2d 820 (La.App.4th Cir. 1973). The amount of weight to be given such a plea must be determined in connection with other evidence offered. Proper considerations include the circumstances surrounding the issuance of the citation and the reason for the guilty plea. Lutrell v. Beard, 273 So.2d 312, 314 (La.App.4th Cir. 1973). While we are not apprised of the weight given to the guilty plea, we may reasonably conclude that the trial judge gave little, if any, weight to this evidence. In this we find no error. From our review of the record, we find no compelling reason why great weight should have been accorded to the plea as claimed by defendant.
Finally, we reject defendant's claim that the trial court erroneously attached an unfavorable inference to defendant's failure to call any additional witnesses to corroborate his testimony, particularly the passenger in the defendant's car at the time of the accident.
The applicable rule of law is that the unexplained failure of a litigant to call a witness who possesses knowledge material to his cause when the witness is available to him raises a presumption that that witness's testimony would be detrimental to him. Veillon v. Sylvester, 174 So.2d 189 (La.App.3rd Cir. 1965); Aguillard v. Home Insurance Co., 203 So.2d 746 (La.App.3rd Cir. 1967).
In Perigoni v. McNiece, 262 So.2d 407 (La.App.4th Cir. 1972), this court affirmed the finding of the trial judge that a negative presumption was created by the failure of the defendant to call as a witness a passenger who was in the car with him at the time of the occurrence. The court pointed out that no evidence was in the record to show that the defendant had attempted to produce the witness and had been unsuccessful.
In the instant case, no explanation was offered by the defendant to explain the absence of a passenger admittedly with defendant at the time of the accident. The presumption, we believe, was properly applied by the trial court.
Accordingly, the judgment is affirmed.
Affirmed.