HEARD, Judge.
This is an action for damages for an unprovoked assault and battery which is alleged to have been committed on the person of the plaintiff by the defendant, William David Hunt. After trial judgment was rendered rejecting the demands of the plaintiff and plaintiff has appealed.
The incident which gave rise to this suit occurred at approximately one o’clock A.M. on March 30,1975, in a pool room in connection with a Horn Street bar in Natchitoch-es, Louisiana. Plaintiff, accompanied by John E. Prudhomme, Donnie Moran and Mary Jean Soloman, arrived at the pool room shortly after midnight and there met the defendant, William David Hunt, and, his friend, Danny Meyers. Plaintiff and David Hunt engaged in a game of pool and according to the conflicting testimony, one word led to another and the end result was plaintiff sustained injuries to his face by being struck with a beer bottle and defendant, David Hunt, suffered a broken nose. Assault and battery charges were filed in district court against David Hunt, to which charge he pled guilty.
The trial judge in his opinion found there was a conflict in the testimony as to how the incident started and that it was unnecessary to relate the different versions as he rejected the testimony of the plaintiff and his witnesses 'entirely, totally and without reservation as being unreliable, unbelievable, untrustworthy and not capable of serious consideration.
Plaintiff contends that the court committed error in totally rejecting the plaintiff’s demand where the question presented was one of sufficiency and preponderance of the evidence rather than credibility of witnesses and asserts that the case of Blue Streak Enterprises v. Cherrie, 263 So.2d 734 (La.App. 4th Cir. 1972) is *911 applicable on this point. In that case, the suit was on an open account for repairs to a boat. Introduced into evidence was a document signed by the defendant authorizing the work done. The court stated, “However, the written document in the record before us supporting the testimony of one witness over the other by its plain terms, makes the question one of preponderance of the evidence rather than credibility of witnesses.” The plea of guilty by the defendant in this case is not analogous to the authorization by the defendant in the case cited to perform work on a boat. The plea of guilty to the assault and battery charges is an admission against interest which may be given some weight; however, it is not conclusive. Moore v. Skidmore, 301 So.2d 428 (La.App. 4th Cir. 1974).
The court stated in Blue Streak Enterprises v. Cherrie, supra:
“A trial judge is in the best position to determine the credibility of witnesses by observing demeanor, etc., and when two equally opposing witnesses testify contrary to each other on a matter of fact, he may properly believe one and disbelieve the other, and this finding of fact will not be disturbed on appeal.”
The court stated in Gulf States Utilities Company v. Robin, 237 So.2d 422 (La.App. 3rd Cir. 1970):
“The trial court, however, has discretion to evaluate contradictory testimony and is not bound to accept one version over the other merely because the number of witnesses is greater on one side.”
Plaintiff contends that the trial court erred in not considering the unexplained failure of the defendant to call Danny Meyers as a corroborating witness. This contention by the plaintiff has no merit for the reason that the witness was present outside the courtroom at time of trial and was available to either side.
In the case of Veillon v. Sylvester, 174 So.2d 189 (La.App. 4th Cir. 1965), the court stated:
“In an action for damages for assault and battery the burden is upon the plaintiff to establish by a preponderance of the evidence that such an assault occurred and that he was not at fault in provoking the difficulty which led to the assault.”
In the instant suit, the trial court found that the plaintiff failed to sustain the burden of proof required by him.
We find no manifest error in his findings.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiff-appellant.
AFFIRMED.